NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLOTTE TAYLOR-TILLOTSON, AND On behalf of Lawrence Joseph Tillotson (Deceased),**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Appellee.*

---

2014-5101

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00016-CFL, Judge Charles F. Lettow.

---

Decided: January 20, 2015

---

CHARLOTTE TAYLOR-TILLOTSON, West Palm Beach, Florida, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and REGINALD T. BLADES, JR., Assistant Director.

1

———————

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Charlotte Taylor-Tillotson appeals the decision of the United States Court of Federal Claims dismissing her claim for Dependency and Indemnity Compensation, Death Pension, and Accrued Benefits ("Dependency Compensation") for lack of jurisdiction and entering judgment in favor of the Government on her claim for benefits under the Reserve Component Survivor Benefits Program ("RCSBP"). For all of the following reasons, we *affirm*.

## BACKGROUND

Mr. Lawrence J. Tillotson served in the Army Reserves from March 17, 1969, to August 1, 1983. He then served on active duty in the Army from August 2, 1983, to December 10, 1991, when he was honorably discharged. On February 14, 1992, Mr. Tillotson reentered military service as a member of the Montana Army National Guard, where he served until his death on May 3, 1995. Mr. Tillotson served a total of 21 years, 10 months, and 29 days in the military; the final 3 years, 2 months, and 20 days were served as a member of the Montana Army National Guard.

While in the Army Reserves, Mr. Tillotson married Charlotte Taylor. Two years later, the couple entered into a property settlement agreement indicating marital separation. A Montana state court issued a decree dissolving the marriage. Military records reflect that, thereafter, Mr. Tillotson held himself out as divorced, except for two months where Mr. Tillotson received a housing allowance for a dependent. Mr. Tillotson's death certificate also indicated he was divorced at the time of his death.

After Mr. Tillotson's death, Ms. Taylor-Tillotson filed an application for Dependency Compensation with the Department of Veterans Affairs. Ms. Tillotson's claim was denied on March 8, 2013. No appeal was filed.

On December 7, 2011, Ms. Taylor-Tillotson applied for RCSBP benefits. Her request was initially denied by the Army on the ground that Mr. Tillotson had not completed the required 20 years of service. Ms. Taylor-Tillotson appealed this decision to the Army Board for Correction of Military Records ("ABCMR"). The ABCMR denied her application for two reasons: (1) Mr. Tillotson was not married at the time of his death; and (2) Mr. Tillotson did not serve the last 6 years of his service as a reserve component soldier.

On January 7, 2013, Ms. Taylor-Tillotson filed suit in the Court of Federal Claims *pro se*. She sought annuity payments under the RCSBP and Dependency Compensation benefits. The Government filed a motion to dismiss the Dependency Compensation claim for lack of subject matter jurisdiction and a motion to dismiss the RCSBP claim for failure to state a claim.

The Court of Federal Claims granted both motions. The Court of Federal Claims determined that it lacked jurisdiction to consider the Dependency Compensation claim because the Court of Appeals for Veterans Claims has exclusive jurisdiction over determinations of veterans' benefits. The Court of Federal Claims also agreed with the ABCMR that Ms. Taylor-Tillotson was not entitled to RCSBP benefits. In coming to this conclusion, the Court of Federal Claims took judicial notice of the divorce decree between Mr. Tillotson and Ms. Taylor-Tillotson. Ms. Taylor-Tillotson appeals.

We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

Whether the Court of Federal Claims possesses jurisdiction over a claim is a question of law that we review de novo. *Navajo Nation v. United States*, 631 F.3d 1268, 1272 (Fed. Cir. 2011). We review legal decisions of the Court of Federal Claims without deference and review its factual findings for clear error. *Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citing *Barrett Ref. Corp. v. United States*, 242 F.3d 1055, 1058 (Fed. Cir. 2001)).

First, Ms. Taylor-Tillotson challenges the Court of Federal Claims' calculation of Mr. Tillotson's years of service as relevant to the RCSBP claim. Ms. Taylor-Tillotson argues that the Court of Federal Claims' calculation was in error because it was inconsistent with an opinion issued by the Comptroller General in 1952. Ms. Taylor-Tillotson contends that Mr. Tillotson had 21 years, 10 months, and 29 days of military service—13 years, 2 months, and 29 days of which is reserve component service. The Government argues that Ms. Taylor-Tillotson waived this argument by failing to make it in the Court of Federal Claims and, even if Ms. Taylor-Tillotson did not waive it, she fails to identify an error in the Court of Federal Claims' analysis. We agree.

Ms. Taylor-Tillotson fails to identify any reversible error. As the Court of Federal Claims noted, "Ms. Taylor-Tillotson's statement that [Mr. Tillotson] completed over 13 years of qualified reserve service is correct." *Taylor-Tillotson v. United States*, 115 Fed. Cl. 800, 808 (2014). However, "the question is not the total time Mr. Tillotson served as a reserve member, rather the eight most recently accrued years of qualified service." *Id.* Because Mr. Tillotson's eight most recently accrued years of qualified service were not in a reserve component, Ms. Taylor-Tillotson is not eligible for RCSBP benefits.

Second, Ms. Taylor-Tillotson argues that the Court of Federal Claims erred when it took judicial notice of the divorce decree for the purposes of resolving the motion to dismiss the RCSBP claim. Ms. Taylor-Tillotson asks this Court to find the divorce decree "void" under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Under Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court of Federal Claims' decision to take judicial notice of the divorce decree served only to confirm the ABCMR finding regarding the divorce. The fact of the divorce was accurately and readily determined from a source whose accuracy cannot reasonably be questioned. Thus, the Court of Federal Claims' decision to take judicial notice of the divorce decree was proper.

We have considered the parties' remaining arguments. Because they do not affect the outcome of our decision, we do not address them. [1]

In sum, the Court of Federal Claims' decision denying Ms. Taylor-Tillotson's RCSBP benefits is supported by substantial evidence and is in accordance with law.

CONCLUSION

For all of the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

**AFFIRMED**

---

[1] Ms. Taylor-Tillotson does not contest the Court of Federal Claims' dismissal of her Dependency Compensation claim.

### COSTS

No costs.